#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | | |
|---|---|---|
| Jakei Rene Jackson, | : | Case No. 5:10 CV 00658 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Keith Smith, | : | |
| Respondent. | : | |

This case, filed pursuant to 28 U.S.C. § 2254, was automatically referred to the undersigned Magistrate pursuant to Local Rule 72.2(b)(2). Pending is Petitioner's Petition for Writ or Habeas Corpus and Respondent's Return (Docket Nos. 1 & 5). For the reasons that follow, the Magistrate recommends that the Court deny the Petitioner for Writ of Habeas Corpus.

### I. FACTUAL BACKGROUND

Under the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), the factual findings made by a state court in the direct appeal are presumed to be correct in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court. *Keith v. Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)). A habeas court must presume the state court's factual findings are correct. 28 U.S.C. § 2254(e)(1). The petitioner shall have the burden of rebutting the presumption of correctness

by clear and convincing evidence.  28 U. S. C. § 2254(e)(1)(Thomson Reuters 2011).

Petitioner in this case does not offer any evidence to rebut the presumption of correctness of the facts.  The following factual findings were made by the Court of Appeals for the Fifth District for Stark County:

> {¶ 2}  In August 2006, Laura Ganser obtained a civil protection order effective for five years against Appellant, her ex-boyfriend.  In September 2005 [sic], Appellant violated the order, and was convicted of menacing by stalking.
>
> {¶ 3}  In November 2006, Appellant contacted Ganser by telephone stating he wanted to see her and take her out.  Later in the same day, Appellant sent a text message to Ganser.  Ganser called the Stark County Sheriff's Department to report the communication.  Ganser asserts Appellant continued to visit her place of employment, park his car in front of her home and drive up onto her front lawn.  The events continued from November of 2006, to July of 2007.
>
> {¶ 4}  On July 25, 2007, Stark County Deputy Sheriff Cliff Hall observed Appellant's vehicle on St. Elmo Avenue near Ganser's residence, after Ganser reported by telephone to the Stark County Sheriff's Department Appellant had pulled up on her front lawn.
>
> *State v. Jackson*, 2008 WL 4650706, *1 (2008).

## II. PROCEDURAL BACKGROUND.

### A.   INDICTMENT AND CONVICTION.

During the August term of 2007, the Jurors of the Grand Jury of Stark County issued a four count indictment.

**COUNT 1**:  On or about November 15, 2006, to on or about July 26, 2007, Petitioner did knowingly engage in a pattern of conduct which caused Laura Ganser to believe that Petitioner would cause physical harm or mental distress, a violation of OHIO REV. CODE § 2903.211(A)(1)(B)(2)(a) &/or (c) &/or (e).

**COUNT 2**:  On or about November 17, 2006, Petitioner did recklessly violate the terms of a protection order, a violation of OHIO REV. CODE § 2919.27(A)(1).

**COUNT 3**:  On or about June 1, 2007, Petitioner did recklessly violate the terms of a protection order.

**COUNT 4**:  On or about June 26, 2007, Petitioner did recklessly violate the terms of a

protection order.

(Docket No. 5, Exhibit 1, pp. 1-3 of 307).

On October 18, 2007, a jury found Petitioner guilty of all counts in the indictment. Petitioner was sentenced to serve a term of eighteen months on the charge in count one, twelve months on the charge in count two, twelve months on the charge in count three and twelve months on the charge in count four. Petitioner was ordered to serve these sentences consecutively for a total prison term of fifty-four months (Docket No. 5, Exhibit 1, pp. 4-6 of 307).

**B.    DIRECT APPEAL.**

On November 29, 2007, Petitioner filed a notice of appeal (Docket No. 5, Exhibit 1, p. 7 of 307). In the brief on the merits filed on April 7, 2008, Petitioner declared that a single assignment of error existed:

> Petitioner's conviction for three counts of a violation of the protective orders was against the manifest weight of the evidence.

(Docket No. 5, Exhibit 1, p. 9 of 307).

On October 20, 2008, the Court of Appeals affirmed the conviction (Docket No. 5, pp. 56-73 of 307).

**C.    MOTION TO REOPEN.**

On or about January 20, 2009, Petitioner filed an application to reopen direct appeal pursuant to OHIO. APP. R. 26(B) (Docket No. 5, Exhibit 1, pp. 74-81of 307). Petitioner identified two assignments of error:

1. Appellate counsel failed to raise trial counsel's failures to investigate and move for a CRIM. R. 29 acquittal.

2. Petitioner's conviction was against the manifest weight of the evidence.

3

(Docket No. 5, Exhibit 1, p. 75 of 307).

On March 18, 2009, the Court of Appeals denied the application to reopen direct appeal for the reason that it was untimely filed (Docket No. 5, Exhibit 1, p. 92-93 of 207).  Petitioner filed a motion to reinstate the improperly dismissed OHIO APP. R. 26(B) motion on April 6, 2009 (Docket No. 5, Exhibit 1, pp. 94-95 of 307).  The Court of Appeals denied the motion to reinstate on June 3, 2009 (Docket No. 5, Exhibit 1, pp. 96-101 of 307).  Petitioner filed an appeal in the Ohio Supreme Court on July 2, 2009 (Docket No. 5, Exhibit 1, pp. 102-104 of 307).  One proposition of law was presented in the memorandum in support of jurisdiction:

> Where there was insufficient evidence to support a conviction for menacing by stalking and two out of three convictions for violating a protection order, and trial counsel was ineffective for failing to investigate and move for Crim.R. 29 acquittal, appellate counsel was ineffective for failing to raise these claims on direct appeal in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

(Docket No. 5, Exhibit 1, p. 106 of 307).

Upon consideration of the jurisdictional memoranda, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question (Docket No. 5, Exhibit 1, p. 156 of 307).

**D.    WRIT OF HABEAS CORPUS**.

Petitioner asserted two grounds for relief.

1. Petitioner's convictions for three counts of violation of protection order were against the manifest weight of the evidence.

2. Petitioner's trial counsel was ineffective in failing to move for a mistrial where the State of Ohio volunteered information that Plaintiff had a previous misdemeanor conviction when Defendant failed to testify at trial.

.
(Docket No. 1).

### III. JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).

In the instant case, Petitioner is in custody of the "Mansfield Correctional Camp" in Mansfield, Ohio. His claims implicate the Fourth and Sixth Amendments. The Magistrate finds that this Court has jurisdiction to address the merits of Petitioner's Writ of Habeas Corpus.

### IV. HABEAS CORPUS STANDARD OF REVIEW.

Under AEDPA, a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," *Thompson v. Bell,* 580 F.3d 423, 433 (6th Cir. 2009) (*citing* 28 U.S.C. § 2254(d)(1), or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." *Id.* at 433-434 (*citing* 28 U. S. C. § 2254(d)(2)). A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court decision unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 120 S. Ct. at 1522). Rather, the state court decision

must be an "objectively unreasonable" application of federal law to be reversed. *Id.* (*citing Williams*, 120 S. Ct. at 1521).

## V. ANALYSIS OF PETITIONER'S HABEAS PETITION.

Respondent contends that both of Petitioner's claims are procedurally defaulted for want of exhaustion. Petitioner neither argued that the claims are not procedurally defaulted, showed cause for not following the procedural rules nor alleged that he was prejudiced as a result of the alleged constitutional violation.

**1. THE PROCEDURAL RULES.**

Two types of procedural failures may preclude federal review of claims in a habeas corpus petition. *Smith v. Hudson*, 2009 WL 3052354, *5 (N. D. Ohio 2009). The first type occurs when a petitioner fails to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *Id.* (*citing O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1734 (1999). If state law no longer allows the petitioner to raise the claim at the time the federal habeas petition is filed, then the claim is procedurally defaulted. *Id.* (*citing Engle v. Isaac,* 102 S. Ct. 1558, 1570 n. 28 (1982)*; see also Coleman v. Thompson*, 111 S. Ct. 2546, 2554 (1991)). The exhaustion requirement only refers to remedies still available at the time of the federal petition. *Id.* (*citing Engle,* 102 S. Ct. at 1570 n. 28).

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context. *Id.* (*citing Anderson v. Harless*, 103 S. Ct. 276 (1982)*; Picard v. Connor*, 92 S. Ct. 509 (1971)). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Id.* (*citing Wainwright v. Sykes,* 97 S. Ct. 2497, 2506 (1977)*.* When a petitioner has defaulted his federal claims

in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* (*citing Coleman v. Thompson,* 111 S. Ct. 2546, 2564-2565 (1991)).

For non-compliance with a state procedural rule to serve as a bar to habeas review, the state procedure must satisfy the standards set forth in *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). *Murphy v. Smith,* 551 F. 3d 485, 501 (6th Cir. 2009) *cert. denied* 130 S. Ct. 397 (2009) (*see Smith v. Ohio Department of Rehabilitation & Corrections*, 463 F.3d 426, 431 (6th Cir. 2006)). First, there must be a state procedural rule in place that the petitioner failed to follow. *Id*. (*citing Maupin,* 785 F.2d at 138). Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. *Id.* at 501-502. Third, the state procedural rule must be an "adequate and independent state ground to preclude habeas review." *Id.*

If these three factors are satisfied, the petitioner can overcome the procedural default by either demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* (*citing Coleman v. Thompson,* 111 S. Ct. 2546, 2555 (1991)). The existence of "cause" for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule. *Cvijetinovic v. Eberlin,* 617 F.3d 833, 837 (6th Cir. 2010) (*citing Murray v. Carrier,* 106 S. Ct. 2639 2645 (1986); *see also Shorter v. Ohio Department of Rehabilitation & Corrections,* 180 F.3d 723, 726 (6th Cir. 1999) (noting that petitioner had failed to demonstrate cause because his "[c]ounsel's efforts to comply with the state's procedural rule

7

were not impeded by some objective factor external to the defense"). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.' " *Id.* (*citing Hargrave-Thomas v. Yukins,* 374 F.3d 383, 388 (6th Cir. 2004) (*quoting McCleskey v. Zant,* 111 S. Ct. 1454, 1469-1470 (1991)). Prejudice that must be shown must be the result of the alleged constitutional violation and not a result of the counsel's failure to meet the state procedural guidelines. *Maupin, supra*, 785 F. 2d at 139 (*citing United States v. Frady*, 102 S. Ct. 1584, 1594 (1982)).

2. **THE PROCEDURAL RULES APPLIED TO PETITIONER'S FIRST CLAIM.**

Petitioner's first claim was presented to the appellate court on direct appeal but he failed to advance the claim to the Ohio Supreme Court.  The Magistrate examines his claim under the procedural default paradigm.

Ohio law provides that an appellant must raise his or her claims on appeal at the first opportunity to do so. *Smith v. Hudson,* 2009 WL 3052354, *7 (N. D. Ohio 2009) (*see Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *see also State v. Broom*, 40 Ohio St.3d 277, 288-89, 533 N.E.2d 682 (1988) (noting that in Ohio, the failure to present a claim to either the State Court of Appeals or to the Supreme Court of Ohio constitutes a waiver of the claim).  A procedural bar arises when the petitioner fails to raise a claim in state court and pursue that claim through the state's ordinary appellate review procedures. *Id.* (*citing O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1734 (1999)).

Petitioner's claim that his convictions for three counts of violation of a protection order were against the manifest weight of the evidence was presented to the appellate court on direct appeal. Petitioner failed to comply with a state procedural rule by not filing his appeal to the Ohio Supreme Court within the period set forth by Ohio Supreme Court Rules, and the Ohio Supreme Court denied his

motion to reopen/for delayed appeal under Ohio Supreme Court Rule II § 2(A)(4)(a).

There is a presumption that trial courts observe their own applicable procedural bars. *Simpson v. Sparkman,* 94 F. 3d 199, 203 (6th Cir. 1996). The Ohio appellate court followed their own rules of *res judicata* and barred Petitioner's attempt to pursue this claim in a motion to reopen.

The assertion of *res judicata* to bar claims not raised at the earliest opportunity is an adequate and independent ground upon which Ohio may rely to foreclose habeas review. *Smith, supra*, (*see Jacobs*, *supra*, 265 F.3d at 417).

The first three *Maupin* criteria for determining that procedural default has occurred are met as Petitioner has failed to comply with the state court's procedural rules; the state court actually enforced those rules when given the opportunity to do so; and the waiver doctrine and *res judicata* constitute an adequate and independent state ground upon which the state court foreclosed relief.

Petitioner has failed to present an argument which would compel the Court to overlook the procedural default or to assert actual innocence. Petitioner's first ground for relief is procedurally defaulted and habeas review is foreclosed.

**3.    AN ALTERNATE RESOLUTION OF PETITIONER'S FIRST CLAIM.**

Even if Petitioner had unlocked the procedural bars, he would not succeed on the merits of his claim that his conviction was against the manifest weight of the evidence. A federal court reviewing a petition for writ of habeas corpus has no authority for re-weighing the credibility of witnesses at trial. *Sweeney v. Gansheimer*, 2010 WL 4955706, 8 (N. D. Ohio 2010) (*citing Marshall v. Lonberger,* 103 S. Ct. 843 (1983)). Consequently, a federal court is incapable of determining whether a conviction was against the manifest weight of the evidence. *Id.* It may only determine whether a conviction was based on *sufficient* evidence. *Id.* Petitioner's claim that his convictions for violating the protective orders were

against the manifest weight of the evidence is not a legally cognizable claim for which this Court can provide a remedy.

### 4. THE PROCEDURAL RULES APPLIED TO PETITIONER SECOND CLAIM.

Petitioner's second claim was not presented through the ordinary appellate review procedures. It, too, is procedurally defaulted.

Claims appearing on the face of the record must be raised on direct appeal or they will be waived under Ohio's doctrine of *res judicata*. *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S. D. Ohio 2001) (*see State v. Perry,* 10 Ohio St. 2d 175, 226 N. E. 2d 104 (1967)). Petitioner's second habeas claim --counsel was ineffective for failing to move for a mistrial when the prosecution mentioned his previous conviction–was not raised on direct appeal. It was asserted before the Supreme Court on an appeal of the motion to reopen. By failing to raise the foregoing claim on direct appeal, Petitioner effectively waived this claim. It is well settled that this Court does not have jurisdiction to consider a habeas petition that was not fairly presented to the state courts on direct appeal.

Seeking to excuse this default, Petitioner alleges that he was denied the effective assistance of appellate counsel by his failure to raise the defaulted claim in the direct appeal. The Supreme Court acknowledges that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice. *Edwards v. Carpenter*, 120 S. Ct. 1587, 1591 (2000) (*citing Murray v. Carrier*, 106 S. Ct. 2639, 2646 (1986)). Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the federal constitution. *Id.* In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim. *Id.* Principles of comity and federalism that underlie our longstanding exhaustion doctrine-then as now codified in the federal habeas statute, *see*

28 U.S.C. §§ 2254(b), (c) require *that* constitutional claim, like others, to be first raised in state court. *Id*. A claim of ineffective assistance must generally be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Id.* (*citing Carrier, supra,* at 2646).

Petitioner's ineffective assistance of counsel claim based on appellate counsel's failure to object to the admission of evidence of his prior conviction is itself, procedurally defaulted. This claim was never presented to the appellate court on direct appeal or in the motion to reopen. Neither has Petitioner satisfied the cause and prejudice standards for the procedurally defaulted ineffective assistance of counsel claim. Consequently that claim cannot serve as a cause for the procedural default.

## VI. CONCLUSION

In view of the foregoing, the Magistrate Judge recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: March 10, 2011

## VII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the

written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.